# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

J&J Sports Productions, Inc.,

                        Plaintiff,

v.

Victor Hernandez, *et al.*,

                        Defendants.

Civ. No. 10-4796 (RHK/JJK)
Civ. No. 10-4797 (RHK/JJK)

**MEMORANDUM OPINION AND ORDER**

Scott A. Wilson, Shorewood, Minnesota, for Plaintiff.

Lee R. Martie, Weikel & Boyd Law Firm, PLLC, Ramsey, Minnesota, for Defendants.

In these "video piracy" cases, Plaintiff J&J Sports Productions, Inc. ("J&J") alleges that Defendants[1] unlawfully accessed its broadcast television signal to a 2008 pay-per-view boxing match between Oscar de la Hoya and Manny Pacquiao (the "Program"). Among other things, J&J asserts claims under the Communications Act of 1934, 47 U.S.C. § 605, and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553. Defendants now move for judgment on the pleadings. (Doc. Nos. 52, 56, and 60 in Civ. No. 10-4796; Doc. Nos. 38, 42, and 46 in Civ. No. 10-4797.) For the reasons that follow, their Motions will be denied.

---

[1] Victor Hernandez, Juan Lopez, and two entities controlled by them, Rancho Grande Restaurant III, Inc. (in Civ. No. 10-4796) and Rancho Grande Restaurant II, Inc. (in Civ. No. 10-4797).

The Complaints allege that J&J owned the exclusive distribution rights to the

Program, which was broadcast on December 6, 2008.  They further allege that Defendants

unlawfully intercepted J&J's signal to the Program and re-broadcast it at each of the

Defendant restaurants, in violation of the aforementioned federal statutes.  Defendants

seek judgment on the pleadings, arguing that J&J's federal claims are untimely.[2]  Their

Motions should be granted only if the pleadings pose no material issues of fact and

Defendants are entitled to judgment as a matter of law.  E.g., Clemons v. Crawford, 585

F.3d 1119, 1124 (8th Cir. 2009); Syverson v. FirePond, Inc., 383 F.3d 745, 749 (8th Cir.

2004).

Neither of the federal statutes at issue contains a limitations period, and thus the

Court must "borrow" one from elsewhere.  Gaona v. Town & Country Credit, 324 F.3d

1050, 1054 (8th Cir. 2003).  The "lender of first resort" is state law, N. Star Steel Co. v.

Thomas, 515 U.S. 29, 34 (1995), and Defendants assert that "the most closely analogous

state statute" is Minnesota Statutes Section 626A.02, which prohibits the interception of

"any wire, electronic, or oral communication" and has a two-year limitations period.  See

Minn. Stat. § 626A.02, subd. 1(a); Minn. Stat. § 626A.32, subd. 5.  The Court assumes

arguendo that this is the appropriate limitations period.[3]  Hence, in order to be timely,

these actions must have been commenced on or before December 6, 2010, two years after

Defendants (allegedly) intercepted and re-broadcast J&J's signal.  See, e.g., Traer v.

---

[2] J&J also asserts state-law claims, but the Motions concern only the federal claims.

[3] No party has suggested that any shorter period applies.

Clews, 6 S. Ct. 155, 168 (1885) ("[W]here an action has been commenced on a claim, . . .

it stops the running of the statute of limitations."); Del Raine v. Carlson, 826 F.2d 698,

706 (7th Cir. 1987) (same).

It is undisputed that the Complaints in these cases were filed on December 3, 2010,

before the limitations period expired.  According to Defendants, however, the federal

claims are untimely because the Minnesota rule for commencing an action controls here,

and that rule requires a complaint to be *served* before an action is deemed commenced.

See, e.g., Singelman v. St. Francis Med. Ctr., 777 N.W.2d 540, 542 (Minn. Ct. App.

2010); Minn. R. Civ. P. 3.01.  As service here occurred after December 6, 2010,

Defendants argue the federal claims must be dismissed.

Defendants' argument would be well-taken had the challenged claims arisen under

state law, despite having been brought in this federal Court.  It is clear that "[i]n a federal-

court suit on a state-created right, . . . a plaintiff must serve process before the statute of

limitations has run, if state law so requires for a similar state-court suit."  Henderson v.

United States, 517 U.S. 654, 657 n.2 (1996) (emphasis deleted).  That rule is dictated by

Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), in order to prevent a federal court

from handling a state-law claim in a manner different than the state courts.

But this principle simply does not apply where, as here, the challenged claims arise

under *federal* law, because "the policies favoring close adherence to state procedural rules

are largely absent when jurisdiction is founded on a federal question."  Ellenbogen v.

Rider Maintenance Corp., 794 F.2d 768, 772 (2d Cir. 1986).  Instead, Federal Rule of

Civil Procedure 3, providing that a "civil action is commenced by filing a complaint with the court," determines the date upon which such claims are commenced. In other words, when a federal court borrows a state statute of limitations for application to a federal claim, it does not also borrow the state's rules on commencement, but rather follows Rule 3. See, e.g., Henderson, 517 U.S. at 657 n.2 ("In a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations."); Deretich v. City of St. Francis, 149 F.3d 1187 (Table), 1998 WL 327207, at *2 (8th Cir. June 19, 1998) (*per curiam*) ("In diversity actions where the underlying cause of action is based on state law, federal courts apply state procedural law; thus, state law dictates the appropriate statute of limitations as well as the commencement of an action. In actions brought in federal court based on a federal question, however, this requirement, naturally, does not apply.") (internal quotation marks and alteration omitted); Moore v. State of Ind., 999 F.2d 1125, 1129 (7th Cir. 1993) ("[W]hen a federal court borrows a state statute of limitations for use in a federal question case the court is to use the federal rule on commencement, not the state rule.") (quoting Del Raine, 826 F.2d at 706-07).

Applying Rule 3 here, J&J commenced its federal claims by filing the Complaints in these actions on December 3, 2010. Because this date indisputably falls within the two-year limitations period, J&J's federal claims are timely.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motions for Judgment on the Pleadings (Doc. Nos. 52, 56,

and 60 in Civ. No. 10-4796; Doc. Nos. 38, 42, and 46 in Civ. No. 10-4797) are **DENIED**.

Dated: January 27, 2012                                   s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge